UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket # 18-1649

------------------------------------------------------------------------------X

CALVERT HIBBERT

                   Plaintiff,

        - against -

THE CITY OF NEW YORK, and POLICE OFFICERS
and POLICE OFFICERS MICHAEL WHELAN,
Shield No. 027703, JOHN DOE and JAMES DOE
and JEFF COE, Badge Numbers Unknown
(Names being fictitious but intended to be those officers
assisting in the arrest and imprisonment of plaintiffs)

                   Defendants.

------------------------------------------------------------------------------X

**COMPLAINT**

**TRIAL BY JURY
DEMANDED**

## PRELIMINARY STATEMENT

The plaintiff brings this action against all defendants pursuant to 42 U.S.C. Section 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York against THE CITY OF NEW YORK, and POLICE OFFICERS MICHAEL WHELAN, Shield No. 027703, JOHN DOE and JAMES DOE and JEFF COE, Badge Numbers Unknown (Names being fictitious but intended to be those officers assisting in the arrest and imprisonment of plaintiffs) to redress the deprivation under color of law of plaintiff's rights, privileges and immunities secured by the Constitution of the United States. Plaintiffs seek money damages to redress and remedy the deprivations of his constitutional rights. In addition, plaintiffs invoke the pendant jurisdiction of this court over related, ancillary and pendent state law claims. Plaintiff seeks an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 and pursuant to any other laws that may apply.

It is alleged that the individual police officer defendants made an unreasonable search and seizure of the person of plaintiff violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered the person of plaintiff falsely arrested him, imprisoned him, and subjected him to malicious prosecution. It is further alleged that these violations and torts were committed as a result of the policies, practices and customs of THE CITY OF NEW

YORK, and THE NEW YORK CITY POLICE DEPARTMENT

## JURISDICTION AND VENUE

1.      This action is brought pursuant to 42 U.S.C. Section 1983 and 1988 to redress the plaintiff's rights under the Constitution of the United States. Jurisdiction is based upon 28 U.S.C. Sections 1331 and 1343.

2.      This court has jurisdiction over the plaintiff's state law claims under the doctrine of pendent jurisdiction.

3.      All of the actions, omissions, and events complained of took place within the County of Bronx, City and State of New York, and within the venue of this court.

4.      The amount in controversy exclusive of interests and costs exceeds the sum of $100,000.

## PARTIES

5.      The plaintiff is a citizen of the United States and a resident of the County of Bronx, State of New York.

6.      Defendant THE CITY OF NEW YORK (Hereinafter referred to as "THE CITY") is a body corporate and politic, duly organized and existing under and by virtue of the laws of the State of New York, and pursuant to law is capable of suing and being sued in this court.

7.      At all times hereinafter mentioned THE NEW YORK CITY POLICE DEPARTMENT(Hereinafter referred to as "NYPD") was and still is a subdivision subject to the control of the THE CITY.

8.      Upon information and belief, NYPD is a division of THE CITY organized and existing under and by virtue of the laws of THE CITY and the State of New York.

9.      Defendant THE CITY is responsible for the policies, practices and customs of NYPD.

10.     Defendant THE CITY is responsible for the hiring training, supervision, retention, control and discipline of NYPD and its officers.

11.    Defendant THE CITY is and was the employer of the personnel named herein as individual defendants.

12.    Defendant THE CITY is also responsible for the operation, practices, and totality of conditions of the NYPD.

13.    NYPD is responsible for the policies, practices and customs of NYPD.

14.    NYPD is responsible for the hiring training, supervision, retention, control and discipline of NYPD and their officers.

15.    NYPD is and was the employer of the personnel named herein as individual defendants.

16.    NYPD is also responsible for the operation, practices, and totality of conditions of the NYPD.

17.    THE CITY acts, or fails to act through its policy-making officials including but not limited to its supervisor, town board, and the chief of the NYPD; the acts and edicts of these policy making officials represent also the policies, practices and customs of THE CITY.

18.    THE CITY and NYPD have, jointly and severally, a constitutional and statutory responsibility for the conditions at the NYPD and are jointly and severally responsible for ensuring that the operations of said precinct are in conformity with constitutional requisites.

19.    THE CITY and NYPD are and were jointly and severally responsible for ensuring that the police officers of the NYPD and more specifically those officers named as defendants herein, obeyed the regulations of the NYPD, THE CITY, the ordinances and laws of THE CITY, and the laws and the Constitution of the State of New York and the United States.

20.    Defendants, POLICE OFFICERS MICHAEL WHELAN, Shield No. 027703, JOHN DOE and JAMES DOE and  JEFF COE, Badge Numbers Unknown (Names being fictitious but intended to be those officers assisting in the arrest and imprisonment of

plaintiffs) police officers of THE NEW YORK CITY POLICE DEPARTMENT, are and were police officers of the NYPD and employees of the NYPD and of THE CITY, and at all times herein were acting in such capacity as the agents, servants and employees of NYPD and THE CITY.

21.    The defendant officers were at all times relevant to this complaint duly appointed and acting officers of the NYPD and of THE CITY, acting under color of law; to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and THE CITY and NYPD.

22.    At all times relevant hereto and in all of their actions described herein, each defendant was acting under color of law, state authority, statute, custom or usage, and pursuant to their official authority. All of the actions were done intentionally.

<u>FACTS</u>

23.    On 02/10/16, plaintiff was lawfully present at 715 East 224th St., County of Bronx, City and State of NY, having just entered the premises. Within seconds, while plaintiff was in the hallway, and not having reached any room of the house the defendant police officers POLICE OFFICERS MICHAEL WHELAN, Shield No. 027703 and JOHN DOE  Badge Numbers Unknown knocked down the front door and streamed into the apartment.

24.    Plaintiff was lawfully present at the location when Defendants intentionally assaulted and battered the plaintiff herein as specified above in the course of effectuating a false arrest without probable cause to believe the claimant herein had committed any crime or offense.

25.    Plaintiff was verbally abused and subjected to verbal intimidation by POLICE OFFICERS MICHAEL WHELAN, Shield No. 027703, and JOHN DOE Badge Numbers Unknown (Names being fictitious but intended to be those officers assisting in the arrest and imprisonment of plaintiffs)

26.    Plaintiff was roughly cuffed hands behind his back, and transported to

the 47th Pct, and from there to Central Booking, and remained in custody for 72 hours. Thereafter the case was dismissed on 01/23/18.

27.     Plaintiff had not resisted or assaulted the defendants in any way, and such force as was used against them was unnecessary, unreasonable, and excessive.

28.     At no time during the events described above was the plaintiff intoxicated, incapacitated or disorderly, or a threat to the safety of himself or others. He had committed no criminal offenses.

29.     The defendants had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff, and no legal excuse or cause to enter the premises, perform an unconstitutional search and seize the person of the plaintiff.

30.     Defendants did not enter pursuant to a valid search warrant.

31.     Defendants did not present a copy of a search warrant to plaintiff.

32.     If a warrant was in the officers possession, they did not enter at a manner or at a time authorized by the warrant.

33.     Upon information and belief,. Plaintiff was not listed as or described suspect or target on any warrant or application for any warrant.

34.     Defendants charged plaintiffs with Criminal Possession of illegal drugs. Defendants knew plaintiffs had not committed this offense.

35.     The officers had no probable cause to arrest the plaintiff for this crime, or any other.

36.     At no time did the defendants possess information that would lead a reasonable police officer to believe that probable cause existed to arrest plaintiff

37.     Subsequently on 02/16/18, the individual defendant JAMES DOE and JEFF COE, Badge Numbers Unknown (Names being fictitious but intended to be those officers assisting in the arrest and imprisonment of plaintiffs) approached plaintiff, at a store at 225th St. and White Plains Road, after his having exited the 2 train, accused him of having received unidentified contraband, arrested him, took him rear cuffed, to the

-5-

42nd precinct, then to central booking, and then let him out the side door.  This was a
pretext to have this plaintiff help identify perpetrators; he was caused to review photos
and identify people he knew. He had no idea why this occurred, however the arrest was
a pretext.

38.    Plaintiff was lawfully present at the location when Defendants intentionally
assaulted and battered the plaintiff herein as specified above in the course of effectuating
a false arrest without probable cause to believe the claimant herein had committed any
crime or offense.

39.    Plaintiff was verbally abused and subjected to verbal intimidation by
POLICE OFFICERS JAMES DOE and JEFF COE, Badge Numbers Unknown (Names
being fictitious but intended to be those officers assisting in the arrest and imprisonment
of plaintiffs)

40.    Plaintiff was roughly cuffed hands behind his back, and transported to
the 47th Pct, and from there to Central Booking, and remained in custody for 12 hours.

41.    Plaintiff had not resisted or assaulted the defendants in any way, and such
force as was used against them was unnecessary, unreasonable, and excessive.

42.    At no time during the events described above was the plaintiff
intoxicated, incapacitated or disorderly, or a threat to the safety of himself  or others. He
had committed no criminal offenses.

43.    The defendants had no warrant for the arrest of the plaintiff, no probable
cause for the arrest of the plaintiff, and no legal excuse or cause to enter the premises,
perform an unconstitutional search and seize the person of the plaintiff.

44.    Defendants did not act pursuant to a valid warrant.

45.    Defendants did not present a copy of a warrant to plaintiff.

46.    If a warrant was in the officers possession, they did not execute it in a
manner authorized by the warrant.

47.    Upon information and belief,. Plaintiff was not listed as or described

- 6 -

suspect or target on any warrant or application for any warrant.

48.     The officers had no probable cause to arrest the plaintiff for any crime..

49.     At no time did the defendants possess information that would lead a reasonable police officer to believe that probable cause existed to arrest plaintiff

50.     At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described, and lent their physical presence and support and the authority of their office to each other during said events.

51.     All of the above acts were done both individually and in concert and intentionally and while acting under color of law, and in the scope of employment with THE CITY and the NYPD. It was a conspiracy to deprive the plaintiffs of their civil rights guaranteed under the Constitution of the State of New York and the United States and the laws of New York State and the laws of the United States.

52.     THE CITY and the NYPD had a policy of not training their employees with respect to the proper use of force and allowing persons such as plaintiffs herein to be assaulted, battered and improperly searched and seized.

53.     If THE CITY and NYPD had a policy of training their employees with respect to the proper use of force, same was not enforced.

54.     On information and belief, the abuse to which the plaintiff was subjected was consistent with an institutionalized practice of THE CITY and the NYPD which was known to them and/or ratified by THE CITY and the NYPD, with the defendants at no time having taken any effective action to prevent their employees from continuing to engage in such misconduct and violation of constitutional rights and violations of law.

55.     On information and belief, defendant THE CITY and the NYPD had prior notice of the vicious propensities of the individual defendants but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority or to terminate their employment. The failure to properly train defendants included the failure

to instruct them in applicable sections of the New York State Penal Law, and proper use of force, and failed to properly train them with respect to the constitutional rights of citizens.

56.    On information and belief THE CITY and the NYPD authorized, tolerated as institutional practices, and ratified the misconduct heretofore described.

57.    As a direct and proximate result of the said acts of the defendants, and the abuse of authority detailed above, the plaintiffs suffered the following injuries and damages:

>a. Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure to their person:
>b. Loss of their physical liberty:
>c. Physical pain and suffering and emotional trauma and suffering, requiring expenditure of money for treatment.

58.    The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

>a. Freedom from unreasonable search and seizure of his person.
>b. Freedom from the use of excessive, unreasonable and unjustified use of force against his person.

## FEDERAL CAUSES OF ACTION

### COUNT I

### 42 U.S.C. SECTION 1983 AGAINST INDIVIDUAL DEFENDANTS

59.    Paragraphs 1 through 58 are incorporated herein by reference as though fully set forth.

60.    Plaintiffs claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against defendants POLICE OFFICERS MICHAEL WHELAN, Shield No.

027703, JOHN DOE and JAMES DOE and JEFF COE, Badge Numbers Unknown (Names being fictitious but intended to be those officers assisting in the arrest and imprisonment of plaintiffs), police officers of THE NEW YORK CITY POLICE DEPARTMENT for violation of their constitutional rights under color of law, in an amount to be determined by a jury after due trial.

## COUNT II

## 42 U.S.C. SECTION 1983 AGAINST THE CITY AND THE NYPD

61.    Paragraphs 1-60  are incorporated herein by reference as though fully set forth.

62.    Prior to February 10, 2016, THE CITY and the NYPD developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in THE CITY, which caused the violation of plaintiff's rights.

63.    It was the policy and/or custom of THE CITY and the NYPD to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by THE CITY and the NYPD.

64.    It was the custom and policy of THE CITY and the NYPD to inadequately supervise and train and retain and hire their police officers including the defendant officers, thereby failing adequately to discourage further constitutional violations on the part of their police officers. THE CITY and the NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

65.    As a result of the above described policies and customs, police officers of THE CITY and the NYPD, including the defendant officers believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be sanctioned or investigated, but would be tolerated.

66.    The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of THE CITY and the NYPD to the

constitutional rights of persons within THE CITY and were the cause of the violations of plaintiff's rights alleged herein.

67.     Plaintiff  claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against THE CITY and the NYPD for violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial.

## COUNT III.  ASSAULT AND BATTERY

68.     The allegations of Paragraphs 1-67 are incorporated by reference herein as though fully set forth.

69.     The individual defendants were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 23-58 above, and thereby assaulted and battered the plaintiff.

70.     The assault and battery aforesaid were without probable cause.

71.     The individual defendants were working within the scope of their employment when they committed the actions described above generally and specifically those actions delineated in paragraphs 23-58 above, and thereby assaulted and battered the plaintiff.

72.     The individual defendants were careless and reckless and negligent in that they did not stop or restrain their fellow officers from assaulting the plaintiff.

73.     As a result of the aforesaid assault and battery, the plaintiff  sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

## COUNT IV FALSE ARREST AND IMPRISONMENT

74.     The allegations of Paragraphs 1-73 are incorporated by reference herein as though fully set forth.

75.     The individual defendants were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 23-58 above, and thereby confined the plaintiff   without privilege.

76.     The confinement aforesaid was without probable cause or privilege.

77.     The individual defendants were working within the scope of their employment when they committed the actions described above generally and specifically those actions delineated in paragraphs 23-58 above, and thereby confined the plaintiff without privilege.

78.     The individual defendants were careless and reckless and negligent in that they did not stop or restrain their fellow officers from confining the plaintiff.

79.     As a result of the aforesaid confinement, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

## COUNT V. MALICIOUS PROSECUTION

80.     The allegations of paragraphs 1-79 are incorporated by reference herein as though fully set forth.

81.     On February 10th, 2016, defendants filed several false and legally insufficient criminal complaints against the plaintiff herein.

82.     At the time of said filing, the defendants knew that said complaints were false and legally insufficient. Said complaints were dismissed as such.

83.     Defendants acted wilfully, maliciously, recklessly, wantonly, and with intent to injure the plaintiffs, each and every one of plaintiffs herein.

84.   At the time of said filing, the defendants knew that said complaints were false and legally insufficient. Said complaints were dismissed as such.

85.   Defendants acted wilfully, maliciously, recklessly, wantonly, and with intent to injure the plaintiffs, each and every one of them.

86.   As a result of the aforesaid malicious prosecution, the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered extreme emotional distress, in an amount exceeding the jurisdictional limits of all lower courts

Wherefore, the plaintiff requests that this Court:

a. Award compensatory damages to the plaintiff against the defendants, jointly and severally in an amount to be determined by a jury after due trial. Not less than one million dollars ($1,000,000)
b. Award the costs of this action to the plaintiff.
c. Award reasonable attorneys fees to the plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.
d. Award punitive damages in an amount to be determined by a jury after due trial. Not less than one million dollars ($1,000,000)
e. Award such other and further relief as this Court may deem appropriate.

Dated: Carmel, New York
February 22, 2018

JOHN P. GRILL
Grill9446
For LAW OFFICES OF JOHN P. GRILL, PC
229 Nimham Road
Carmel, NY 10512
(917) 601-5507

## VERIFICATION

The undersigned, being an attorney admitted to the practice of law in the courts of the State of New York, and the United States District Courts for the Eastern and Southern Districts, deposes and states that I am the attorney of record for the plaintiff in this matter, that I have read the contents of the supplemental summons and amended complaint, and know same to be true, except those matters stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge is based upon information, data, memoranda, records given to me and maintained in a file in my office. The reason I make this verification is that the petitioner is not located in the County where affirmant's office is located.

I affirm that the foregoing statements are true under penalty of perjury.

Dated: Carmel, New York
      February 22, 2018        JOHN P. GRILL, ESQ.(9446jg)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          *DOCKET # 18 - 1649*

CALVERT HIBBERT

        Plaintiff,

    - against -

THE CITY OF NEW YORK, and POLICE OFFICERS
and POLICE OFFICERS MICHAEL WHELAN,
Shield No. 027703, JOHN DOE and JAMES DOE
and JEFF COE, Badge Numbers Unknown
(Names being fictitious but intended to be those officers
assisting in the arrest and imprisonment of plaintiffs)

        Defendants,

## SUMMONS AND COMPLAINT

LAW OFFICES OF JOHN P. GRILL, PC
Attorneys for Plaintiff(s)
229 Nimham Road
Carmel, NY 10512
(917) 601-5507
(845) 225-9587 (Fax)

To:

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated:

..............................................................
Attorney(s) for